AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>KIMBERLY CARNELL WHITE JR.<br>JAMES ROMANDO HARRIS II<br><br>*Defendant(s)* | ) | Case No.<br>6:16-mj-1248 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of May 5, 2016 in the county of Orange in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 922(g)(1)(A) | Possession of a firearm by a previously convicted felon. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Jessica Stith, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/16/2016

[signature]
*Judge's signature*

City and state: Orlando, Florida

David A. Baker, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA** **Case No.: 6:16-mj-1248**

**COUNTY OF ORANGE**

## AFFIDAVIT IN SUPPORT OF ARREST

I, Jessica Stith, being duly sworn, depose and state that:

## INTRODUCTION

1. I am a Special Agent ("SA"), with United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since May 2001. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigation Training Program, and the ATF National Academy, New Professional Training. I am currently assigned to the Orlando III Field Office. I am charged with the investigation and enforcement of violations of federal firearms laws, arson and explosives laws and any other violations encountered in the course of daily duties. Based on my training and experience as a SA, I am familiar with violations of federal criminal laws.

2. During my law enforcement career, I have become familiar with the behaviors of prohibited persons who illegally possess firearms. As part of my official duties, I have conducted arrests of persons who illegally possess firearms, I have executed search warrants of homes and property of persons who illegally possess firearms, and I have participated in seizures of property from activities involving the illegal possession of firearms. Moreover, I have interviewed persons involved in the illegal possession of firearms and have become familiar with their activities related to illegal firearms possession.

Through my training, knowledge, and experience I have become familiar with the methods of operation of persons illegally in possession of firearms and their other illegal activities.

3. The information contained in this affidavit is based upon my personal observations, investigation or information relayed to me by other federal, state and local law enforcement officers, as well as information obtained from a confidential informant ("CI")[1]. The information provided in this affidavit is not each and every fact known to me, but rather, sufficient information to establish probable cause for the arrest of **Kimberly Carnell WHITE** and **James Romando HARRIS II** for Possession of a Firearm by Convicted Felon, in violation of Title 18 U.S.C. § 922(g)(1).

**FACTS ESTABLISHING PROBABLE CAUSE**

4. On June 2, 2008, **Kimberly Carnell WHITE Jr.** was convicted of a felony—carrying a concealed firearm in violation of Florida Statute § 790.01.

5. On January 15, 2009, **James Romando HARRIS II** was convicted of a felony—possession of cocaine in violation of Florida Statute § 893.13(6)(A).

6. On May 5, 2016, I was contacted by an ATF Confidential Informant ("CI"). The CI stated that he was contacted by a subject identified as **Kimberly WHITE**. During this conversation, **WHITE** told the CI he just "hit" a location and

[1] CI is cooperating with law enforcement for financial gain. The CI has provided information relevant to this investigation since approximately May 5, 2016. During that time, agents have independently corroborated information that the CI provided to them, and agents believe that the information CI has provided is credible, reliable and truthful.

he had several firearms for sale. From my knowledge, training, and experience, I believe that when **WHITE** used the term "hit," he was referring to a burglary of a business or dwelling that contained firearms.

7. The CI stated that he went to the residence of **WHITE**, 8 Dorcas Court, Orlando, Florida 32811 (**WHITE's** residence), on May 5, 2016, and viewed approximately 10-12 firearms located in a utility or laundry room of the residence. The firearms looked new and had tags on them with the name "Guns N Gold."

8. Later that same day (i.e., May 5, 2016), two Orange County Sheriff's Office undercover narcotics agents (UC1 and UC2) and the CI traveled to **WHITE's** residence to purchase firearms. UC1 and the CI were both wearing audio recording devices.

9. Upon their arrival at **WHITE's** residence, **WHITE** was standing outside the residence next to a blue Audi sports car (Florida license plate I794DU, hereinafter referred to as the "Subject Vehicle").

10. **WHITE** approached the Subject Vehicle located on the premises of **WHITE's** residence and retrieved a handgun from inside the Subject Vehicle. **WHITE** placed the handgun in his waistband and walked toward the UC vehicle. **WHITE** then removed the handgun from his waistband and passed it to UC1 through the passenger side window of the UC vehicle.

11. UC1 asked **WHITE** the whereabouts of the second rifle he had previously arranged to purchase. **WHITE** told UC1 the other firearms were down the street.

12. **WHITE** then walked down the street and a few seconds later waved the UC vehicle over to another residence, 4664 Barley Street, Orlando, Florida 32811 (**HARRIS's** residence). The UC vehicle then drove to **HARRIS's** residence and parked in the front of the residence.

13. The CI and **WHITE** walked inside **HARRIS's** residence and met with **James Romando HARRIS**. UC1 and UC2 stayed in the UC vehicle. The CI and **WHITE** remained in the living room while **HARRIS** went toward the back of the **HARRIS's** residence. **HARRIS** returned with three rifles. The CI selected one of the rifles and **HARRIS** placed the other two rifles on the floor in the living room. The CI, **HARRIS**, and **WHITE** then exited the front of **HARRIS's** residence, and the CI and **WHITE** approached the UC vehicle while **HARRIS** remained on the porch. UC1 gave $1,100.00 of investigative funds to the CI and the CI handed the money to **WHITE**. The CI and **WHITE** walked back to the front porch of **HARRIS's** residence, and **HARRIS** and **WHITE** divided the money between themselves.

14. **HARRIS** then informed the CI he wanted to sell the other two rifles inside **HARRIS's** residence for $300.00 each. The CI walked back to the UC vehicle and told UC1 **HARRIS** wanted to sell two additional rifles for $300.00 each. UC1 agreed to purchase the rifles; the CI then exited the vehicle and walked back into **HARRIS's** residence where **HARRIS** was located. **HARRIS** then handed the CI two rifles inside **HARRIS's** residence and **HARRIS** and the

CI walked out of the residence together. **HARRIS** and the CI walked toward the UC vehicle.

15. The CI handed the rifles to UC2 in the back seat. UC1 told **HARRIS** to get inside the UC vehicle. UC1 asked **HARRIS** if he had any more guns for sale. **HARRIS** asked UC1 what kind of guns he wanted. UC2 held up the AR-15 rifle and said "these." **HARRIS** agreed and UC1 gave **HARRIS** $600.00 of investigative funds. **HARRIS** then exited the UC vehicle.

16. Evidence purchased from **WHITE** at **WHITE's** residence was reviewed by me on May 5, 2016 and is further described as: one Smith and Wesson Model 686, .357 caliber revolver bearing serial number ACU986; and one Ruger Model Mini 14 Ranch Rifle, .223 caliber rifle bearing serial number 581-52079. Evidence purchased from **HARRIS** and **WHITE** at **HARRIS's** residence was also reviewed by me on May 5, 2016 and is further described as: one Smith and Wesson Model M&P 15-22, .22 caliber rifle bearing serial number HCD1348; one HiPoint Model 4095, .40 caliber rifle bearing serial number H65839; and one Taurus International Model CT40, .40 caliber rifle bearing serial number HS4964.

17. On May 6, 2016, ATF was notified of a burglary to the Federal Firearms Licensee, "Guns N Gold" (hereinafter referred to as FFL), located at 6209 SE Abshier Blvd., Belleview, Florida in Marion County, Florida. This burglary was discovered by the owner and reported to Belleview Police Department on the morning on May 5, 2016.

18. Review of surveillance video by law enforcement personnel from surrounding businesses led investigators to believe the burglary occurred at approximately 4:00 a.m. A review of the ATF FFL Theft report revealed that the descriptions and serial numbers on all firearms purchased from **WHITE** and **HARRIS** on May 5, 2016 matched those stolen from the FFL on the morning of May 5, 2016.

19. On May 13, 2016, the five firearms purchased from **WHITE** and **HARRIS** on May 5, 2016 during the undercover operation were examined by ATF SA John Scanlon, an expert on interstate nexus of firearms. SA Scanlon determined that all the fireams were manufactured outside the state of Florida and therefore have traveled in interstate commerce.

20. On May 13, 2016, federal search warrants were executed at **WHITE's** residence and **HARRIS's** residence.

21. Items of evidence recovered from **WHITE's** residence included: one Springfield .40 caliber handgun; one unknown manufacturer SKS style rifle; one Taurus .45 caliber handgun; one Marlin .22 caliber rifle; one Remington rifle; one Mossberg .22 caliber rifle; one Glock .40 caliber handgun; and four "Guns N Gold" merchandise price tags. Serial numbers of three of the firearms recovered from **WHITE's** residence matched serial numbers of firearms reported stolen from "Guns N Gold" on May 5, 2016. Additionally, one Glock firearm box was recovered. The serial number from the box matched the serial number of a firearm reported stolen from "Guns N Gold."

22. Items of evidence recovered from **HARRIS's** residence included one Remington rifle; one Optima .50 caliber rifle; one Beretta handgun; one Beretta shotgun; firearm ammunition; and multiple "Guns N Gold" merchandise price tags. The serial number from one of the firearms recovered from **HARRIS's** residence matched the serial number of a firearm reported stolen from "Guns N Gold."

## CONCLUSION

23. Based on the aforementioned facts, I submit that there is probable cause to believe that on May 5, 2016, **WHITE** and **HARRIS** were in possession of firearms while being previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1)(A), within Orange County, Florida, in the Middle District of Florida.

Jessica Stith
Jessica Stith
Special Agent, ATF

Subscribed and sworn to before me
this 16th day of May, 2016.

David A. Baker
The Honorable David A. Baker
United States Magistrate Judge