UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                               CASE NO: 6:16-cr-107-Orl-37TBS

KIMBERLY CARNELL WHITE, JR.

    Defendant.
_____

## ORDER

This case comes before the Court without a hearing on Defendant Kimberly Carnell White, Jr.'s Unopposed Motion to Seal (Doc. 57). The motion seeks leave of Court to file a psychological report under seal. The Government does not oppose the motion (Id.). Defendant characterizes the psychological report as "personal," private" and "sensitive." (Id., at 1). The Government does not oppose the motion (Id.).

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." Chicago Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 (1978)).

"The common law right of access may be overcome by a showing of good cause,

which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago Tribune Co., 263 F.3d at 1309. In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id. "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009). The parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown v. Advanatage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992). "Even when no third party challenges a motion to seal … the Court must still ensure that the motion is supported by good cause." McCall v. Montgomery Housing Authority, No. 2:10-cv-367-MEF, 2011 WL 4390049, at *2 (M.D. Ala. Sept. 21, 2011).

    Defendant has a privacy interest in reports concerning his mental condition. If Plaintiff were to lose this interest in his privacy, he would suffer a corresponding loss or harm. The Court also finds that sealing is the only viable means of protecting Plaintiff's privacy interest in the psychological report.

    Although not alleged by Defendant, the report may be covered by the Health Insurance Portability and Accountability Act, 42 U.S.C. §§ 1301 *et seq.*, which is intended to keep a person's protected health information strictly confidential. OPIS Management Resources, LLC v. Secretary, Florida Agency for Health Care Admin., 713 F.3d 1291,

1293 (11th Cir. 2013). Protected health information includes information maintained by a covered entity that can identify a person and relates to that person's health, the receipt of healthcare services by the person, or the past, present, or future payment for healthcare services provided to the person. 45 C.F.R. § 164.514(b). Covered entities include health care providers. 45 C.F.R. § 160.103. Protected health information may be disclosed in judicial proceedings pursuant to court order. 45 C.F.R. § 164.512(e).

It does not appear that Defendant is a public official, or that the public has shown any particular interest in this case. And, the public will have an opportunity to attend Defendant's sentencing. Accordingly, the Court finds that the balance tips in Defendant's favor. For these reasons, the motion is **GRANTED.**  Defendant may file the psychological report **UNDER SEAL**. The report shall remain under seal until further order of Court.

**DONE** and **ORDERED** in Orlando, Florida on November 10, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Kimberly Carnell White, Jr.